UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR JOE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE,<br><br>　　　　　　　　Defendant. | Case No. C18-1742 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

On November 29, 2018, plaintiff filed a deficient 28 U.S.C. § 1983 civil rights complaint against the City of Seattle. Dkt. 4. Because plaintiff proceeds *pro se*, the Court granted him leave to file an **amended complaint** by **December 26, 2018**. Plaintiff was advised that if he did not submit an amended complaint by that date curing the deficiencies the Court noted, the complaint will be dismissed.

## DISCUSSION

In order to state a claim for relief under § 1983 plaintiff must show (1) his federal constitutional or federal statutory rights were violated, (2) the violation was caused by a state actor, (3) and the violation harmed him. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, plaintiff provides no information about what rights were violated, who violated his rights, or when the violation occurred. The complaint lacks a "Statement of Claim"; it contains

REPORT AND RECOMMENDATION - 1

however a request "[t]o get compensation for the unlawful arrest and unlawful detainment as to pain and suffering." To avoid dismissal, the Court in its order declining service, Dkt., 5, directed plaintiff to file an **Amended Complaint addressing the following deficiencies**:

(1)    The Court indicated it assumed that plaintiff seeks to sue law enforcement officers in light of his reference to an unlawful arrest and detention. Plaintiff was directed to name the officers, what they did, where the acts occurred, the date of the acts, and what injury plaintiff suffered. Plaintiff was also directed to name the law enforcement agencies that the officers work for.

(2)    The Court indicated that plaintiff names the City of Seattle as a defendant but does not explain why or how the City is liable. To sue the City, the amended complaint must contain facts that show the City has an official custom or policy that permits led to his unlawful arrest, and the City's employees or agents acted through this official custom, pattern or policy, or that the City ratified the unlawful conduct.

(3)    The Court directed plaintiff to file an amended complaint that addresses the deficiencies discussed above by **December 26, 2018**. **The amended complaint must carry the same case number as this one**. If plaintiff does not file an amended complaint by December 26, 2018, the Court advised plaintiff that it will recommend the complaint be dismissed.

As of this date, the Court has not received an amended complaint from plaintiff curing the deficiencies that are noted above, or any other communication such as a request for more time to file an amended complaint. The Court accordingly recommends the matter be DISMISSED without prejudice.

## CONCLUSION

The Court recommends this matter be dismissed without prejudice. Any objections to this

Case 2:18-cv-01742-RAJ    Document 6    Filed 01/02/19    Page 3 of 3

Recommendation must be filed no later than **Tuesday, January 16, 2019.** The Clerk should note the matter for **Friday, January 18, 2019,** as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 7 pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

DATED this 2nd day of January, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3